**CYR BOTTLE GAS COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 73–1682.**

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1974.

Decided June 4, 1974.

Robert A. Gritta, Fort Worth, Tex., for petitioner.

Joseph Thackery, Atty., N. L. R. B., for respondent; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate

---

Gen. Counsel, William F. Wachter, Atty., N. L. R. B., Washington, D. C., on brief.

Before CELEBREZZE, McCREE and MILLER, Circuit Judges.

## ORDER

This action is before the Court upon the petition of Cyr Bottle Gas Company to review and set aside an order of the National Labor Relations Board issued June 6, 1973 (reported at 204 NLRB No. 83), and upon the cross-petition of the Board for enforcement of its order.

The Board found that employees of the Company were engaged in an economic strike. Reversing the Administrative Law Judge, it determined that the Company had offered only temporary jobs to applicants and had not permanently replaced any of its employees as of June 8, 1972, when nine of the strikers offered to return to work. The Board further found that the Company's motive for refusing reinstatement was to eliminate employees who had been the cause of the Union's certification. By failing to reinstate the nine strikers when they had not been permanently replaced, the Company, as the Board found, violated Section 8(a)(1) and (3) of the Act, 29 U.S.C. § 158(a)(1, 3). Its order required the Company to cease and desist from the unfair labor practices found, to reinstate and make whole the nine strikers, dismissing, if necessary, any persons hired as replacements on and after June 1, 1972, and to post the usual notices.

While differing inferences may be drawn from the evidence, we find that the Board's findings are supported by substantial evidence on the record considered as a whole.

The petition to review should therefore be denied and the Board's order should be enforced.

It is so ordered.